[Cite as *State v. Davis*, 2021-Ohio-142.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28796 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-1829 |
| | : | |
| WALTER DAVIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Walter Davis appeals his conviction for one count of theft (stolen property as defined in R.C. 2913.71), in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and one count of theft ($1,000 without consent), in violation of R.C. 2913.02(A)(1), also a felony of the fifth degree. Davis filed a timely notice of appeal on May 7, 2020.

{¶ 2} The incident which formed the basis for Davis's convictions occurred on May 25, 2019, when the victim, Rodell Burton, was gambling at the Hollywood Gaming Dayton Raceway in Dayton, Ohio. Burton testified that when he arrived at the casino, he was carrying a cellphone and a black Gucci wallet containing several debit cards and $4,900 in cash. After being at the casino for only 15 minutes, Burton realized that his phone and wallet were missing from the pockets of his pants. Burton testified that he immediately approached casino security and asked if they had found a cellphone or wallet. After a short time, security personnel returned Burton's phone to him, but he never got his wallet back. Burton testified that he looked around the area where he had been seated at the casino but could not find his wallet.

{¶ 3} In security camera footage introduced at trial, Davis can be seen walking by the area where Burton was gambling and also where the cellphone and wallet ostensibly fell out of Burton's pockets. Davis can be seen stopping in that area and picking up items off the floor. Davis then walked back the way he had come and continued on his way, eventually approaching casino employees and turning in the cellphone but not the wallet. Davis then left the casino and walked to the VIP parking lot. Shortly thereafter, Davis returned from the VIP parking lot and sat on a bench outside the casino; he then reentered the casino, and a casino supervisor approached him. After being questioned, Davis was

ordered to leave the premises by casino personnel.

**{¶ 4}** Davis was indicted for two counts of theft on July 29, 2019. At his arraignment on August 27, 2019, Davis stood mute, and the trial court entered a plea of not guilty on his behalf. A jury trial was held on March 10, 2020. At trial, Davis testified on his own behalf. Specifically, Davis testified that he found and returned Burton's cellphone to casino personnel. With respect to Burton's wallet, Davis simply testified that he never found it. Davis was found guilty of both counts of theft.

**{¶ 5}** On April 13, 2020, the trial court sentenced Davis to community control sanctions for a period not to exceed five years. Significantly, Davis's community control sanctions did not include a period of local incarceration, residential treatment, or home confinement.

**{¶ 6}** It is from this judgment that Davis now appeals.

**{¶ 7}** Davis's first assignment of error is as follows:

THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY BECAUSE

THE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE

EVIDENCE.

**{¶ 8}** Davis contends that his convictions for two counts of theft were against the manifest weight of the evidence. We note that Davis also challenges the sufficiency of the evidence used to convict him. We will address both arguments, beginning with sufficiency argument.

**{¶ 9}** "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond

a reasonable doubt.' " (Citations omitted.) *State v. Crowley*, 2d Dist. Clark No. 2007-CA-99, 2008-Ohio-4636, ¶ 12.

{¶ 10} "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 69. "A claim that a jury verdict is against the manifest weight of the evidence involves a different test. 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " (Citations omitted.) *Id.* at ¶ 71.

{¶ 11} This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510, *4 (Oct. 24, 1997).

{¶ 12} " 'Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency.' " *State v. Flores-Lopez*, 2d Dist. Montgomery No. 26964, 2016-Ohio-7687, ¶ 26, quoting *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. (Other citations omitted.) "Consequently, 'a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of

sufficiency.' " *Id.*, quoting *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

{¶ 13} In support of his first assignment, David specifically alleges that the evidence presented by the State in the form of the security camera footage failed to prove that he took Burton's wallet, which contained cash and debit cards, so as to satisfy the necessary elements of R.C. 2913.02(A)(1) or R.C. 2913.51(A). He asserts, therefore, he could not be convicted of the theft counts.

{¶ 14} A "theft offense" includes, but is not limited to, a violation of R.C. 2913.02, which provides that a person commits theft if he or she knowingly obtains or exerts control over property without the consent of the owner with the purpose to deprive the owner of the property. R.C. 2913.02(A)(1). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 15} For the first count of theft, the State was required to prove that the property stolen was one or more credit cards. R.C. 2913.71(A). " 'Credit card' includes, but is not limited to, a card, code, device, or other means of access to a customer's account for the purpose of obtaining money, property, labor, or services on credit, or for initiating an electronic fund transfer at a point-of-sale terminal, an automated teller machine, or a cash dispensing machine." R.C. 2913.01(U). For the second count of theft, the State was required to prove that the value of the property stolen was at least worth $1,000 but less than $7,500.

{¶ 16} At trial, Burton testified that he did not know Davis and that Davis did not

have his permission or consent to take possession of Burton's wallet or its contents. Furthermore, Burton testified that, when he arrived at the casino, he was carrying a black Gucci wallet containing several debit cards and $4,900 in cash, thus establishing the value of the wallet and its contents to be over $1,000 but less than $7,500. Burton also testified that his wallet contained two debit cards from Fifth Third Bank and two debit cards from Regents Bank. One card from each bank was linked to Burton's personal accounts while the other cards were linked to business accounts. Burton testified that any of the debit cards could be used to withdraw cash from an ATM and/or make purchases, thus satisfying the definition of a credit card pursuant to R.C. 2913.01(U).

{¶ 17} The remaining elements of the charged offenses were satisfied by the security camera footage introduced into evidence at trial. As previously stated, the security footage depicted Davis walking by the area where Burton was gambling and where the cellphone and wallet ostensibly fell out of Burton's pockets. Davis can be seen stopping in that area and picking items up off the floor. Davis then walked back the way he had come, eventually approaching casino employees and turning in the cellphone but not the wallet. Davis then left the casino and walked to the VIP parking lot, returned from the VIP parking lot and sat on a bench outside the casino, then reentered the casino. A casino supervisor then approached and questioned him regarding the wallet. Upon review of the record, we find that the State presented sufficient evidence to support a finding of each of the elements of the theft offenses contained in R.C. 2913.02(A)(1).

{¶ 18} Furthermore, having reviewed the record, we find no merit in Davis's manifest-weight challenge. It is well-settled that evaluating witness credibility is primarily for the trier of fact. *State v. Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080,

¶ 7.   Here the jury reasonably credited the testimony provided by the State's witnesses, applied that evidence and all reasonable inferences to the elements of the offense, and found Davis guilty.   Additionally, the jury was free to discredit Davis's testimony that he only found Burton's cellphone but not his wallet.   Having reviewed the entire record, we cannot find that the evidence weighed heavily against conviction or that a manifest miscarriage of justice occurred.

{¶ 19} Davis's first assignment of error is overruled.

{¶ 20} Davis's second and final assignment of error is as follows:

THE TRIAL COURT FAILED TO ADEQUATELY CONSIDER THE SENTENCING STATUTES PURSUANT TO O.R.C. 2929.11-2929.12, ABUSING ITS DISCRETION IN SENTENCING APPELLANT.

{¶ 21} In his second assignment, Davis argues that the trial court erred when it sentenced him to community control because it failed to properly consider all of the relevant factors enumerated in R.C. 2929.11 and R.C. 2929.12.

{¶ 22} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio

St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 23} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 24} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 25} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim

induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 26} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 27} In his sentencing memorandum, Davis specifically requested that the trial court sentence him to a period of community control not to exceed five years. The trial court imposed that very sentence. " 'The doctrine of invited error is a corollary of the principle of equitable estoppel. Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself; for errors that the appellant induced the court to commit; or for errors into which the appellant either intentionally or unintentionally misled the court, and for which the appellant is actively responsible. *Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request.*' " *Daimler/Chrysler Truck Fin. v. Kimball*, Champaign App. No. 2007-CA-07,

2007-Ohio-6678, ¶ 40, quoting 5 Ohio Jurisprudence 3d (1999, Supp.2007) 170-171, Appellate Review, Section 448. Here, Davis received the specific sentence that he requested. Therefore, Davis cannot now challenge his sentence as being contrary to law. Nevertheless, we find that the trial court complied with R.C. 2929.11 and R.C. 2929.12 when it sentenced Davis to community control sanctions. To the extent that Davis explicitly challenges the revocation of his Hollywood Gaming Dayton Raceway Player's card as a condition of his community control, such a condition was reasonably related to his theft convictions.

{¶ 28} Davis's second assignment of error is overruled.

{¶ 29} Both of his assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Thomas M. Kollin
Hon. Timothy N. O'Connell