**[Cite as *State v. Clark*, 2022-Ohio-2801.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 29295 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2019-CR-3891, |
| v. | : | 2020-CR-858, 2020-CR-1372/2, 2020- |
| | : | CR-1936/2, 2020-CR-2828, 2020-CR- |
| JAVONTAY CLARK | : | 3096, 2020-CR-3375 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of August, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, 101 Southmoor Circle NW, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Javontay Clark appeals from his convictions pursuant to negotiated guilty pleas in seven consolidated cases.[1]

**{¶ 2}** Clark advances four assignments of error. First, he contends the trial court erred at sentencing in failing to provide statutorily-required notices under the Reagan Tokes Law. Second, he claims the trial court erred in imposing prison sentences and no-contact orders for the same offenses. Third, he challenges the knowing, intelligent, and voluntary nature of his guilty pleas. Fourth, he asserts that the trial court's judgment entries omitted a required consecutive-sentence finding.

**{¶ 3}** Upon review, we agree that the trial court failed to provide at sentencing certain notices required by the Reagan Tokes Act. Although the trial court did omit a consecutive-sentence finding from three judgment entries, such findings were not required because Clark's sentence was an agreed sentence. The trial court also did not commit reversible error by imposing prison sentences and no-contact orders where Clark had consented to such orders in his plea agreement. Finally, we find no merit in Clark's challenge to the validity of his guilty pleas.

**I. Background**

**{¶ 4}** The cases at issue were resolved through a global agreement that included dismissal of various charges and an agreed prison sentence. On February 11, 2020, Clark pled guilty in Montgomery C.P. No. 2019-CR-3891 to having a weapon while under disability. Thereafter, on October 8, 2021, he pled guilty in seven additional cases. In

---

[1] Clark was sentenced under eight separate case numbers. He omitted one of those cases from his notice of appeal.

Montgomery C.P. No. 2020-CR-858, he pled guilty to felonious assault. In Case No. 2020-CR-1372/2, he pled guilty to murder with a firearm specification and having a weapon while under disability. In Case No. 2020-CR-1936/2, he pled guilty to abduction. In Case No. 2020-CR-3375, he pled guilty to assaulting a corrections officer. In Case No. 2020-CR-3096, he pled guilty to harassment by an inmate. In Case No. 2020-CR-2828, he pled guilty to felonious assault. Finally, in Case No. 2020-CR-478/3, he pled guilty to felonious assault.

{¶ 5} All eight cases proceeded to sentencing on October 8, 2021, shortly after the plea hearing. Consistent with the parties' agreement, the trial court imposed a combination of consecutive and concurrent sentences totaling 22 years to life in prison. Clark filed a November 9, 2021 notice of appeal referencing seven of his eight cases. The notice of appeal does not mention Case No. 2020-CR-478/3, which involved one of the felonious-assault convictions. Nor has Case No. 2020-CR-478/3 been referenced in our prior orders in this appeal. Therefore, that case is not before us.

## II. Analysis

{¶ 6} Clark's first assignment of error states:

THE INDEFINITE PRISON SENTENCES IMPOSED BY THE TRIAL COURT ARE CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO PROVIDE THE STATUTORILY REQUIRED NOTICES IN R.C. 2929.19(B)(2)(c) AT THE SENTENCING HEARING.

{¶ 7} Clark asserts that three indefinite prison sentences he received for felonious assault in Case Nos. 2020-CR-858, 2020-CR-2828, and 2020-CR-478/3 are contrary to

law because the trial court failed to advise him at sentencing of all notifications found in R.C. 2929.19(B)(2)(c). Those notifications generally pertain to the offender's minimum and maximum prison term and to the existence and operation of a rebuttable presumption of release from service of the sentence upon expiration of the minimum term. This court has recognized that a " 'sentence is contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails to advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing.' " *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 29, quoting *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 18.

{¶ 8} Here the trial court provided the requisite notifications during the plea hearing. The State concedes, however, that the trial court neglected to do so at sentencing, as required by *Thompson*, *Massie*, and R.C. 2929.19(B)(2)(c). Although the trial court failed to provide the notifications when sentencing Clark in Case Nos. 2020-CR-858, 2020-CR-2828, and 2020-CR-478/3, only the first two of those cases are before us on appeal.

{¶ 9} Accordingly, we sustain Clark's assignment of error insofar as he contends his indefinite prison terms in Case Nos. 2020-CR-858 and 2020-CR-2828 are contrary to law. In those cases, the trial court's judgment will be affirmed in part, reversed in part, and remanded to the trial court for the sole purpose of resentencing consistent with R.C. 2929.19(B)(2)(c).

{¶ 10} Clark's second assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING PRISON SENTENCES AND

NO CONTACT ORDERS FOR THE SAME OFFENSES.

{¶ 11} This assignment of error again addresses the prison sentences Clark received for felonious assault in Case Nos. 2020-CR-858, 2020-CR-2828, and 2020-CR-478/3. He argues that the trial court erred at sentencing by imposing prison terms and no-contact orders in each of these cases. Although the trial court's judgment entry in Case No. 2020-CR-478/3 omitted the no-contact order, Clark contends the trial court erred in including such an order in its judgment entry in Case Nos. 2020-CR-858 and 2020-CR-2828.[2]

{¶ 12} Once again, Case No. 2020-CR-478/3 is not before us. With regard to the other two cases, Clark ordinarily would be correct in asserting that a trial court cannot impose a prison term and a no-contact order. "[A] no-contact order is a community-control sanction," and "a court cannot impose a prison term and a community-control sanction for the same offense[.]" *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 17, 32.

{¶ 13} Here, however, Clark agreed to a no-contact order as part of his plea bargain with the State in Case Nos. 2020-CR-858 and 2020-CR-2828. Tr. at 61-62. Because the no-contact order was a product of the parties' agreement, the trial court did not commit reversible error by imposing it. The trial court's inclusion of a no-contact order in its judgment entry in Case Nos. 2020-CR-858 and 2020-CR-2828 constituted at most

---

[2] In its brief, the State contends the trial court also included a no-contact order in the other cases before us. In his second assignment of error, however, Clark specifically challenges only the existence of a no-contact order in Case Nos. 2020-CR-858, 2020-CR-2828, and 2020-CR-478/3. Therefore, we have no occasion to consider whether the trial court erred in including a no-contact order in the other cases.

invited error.

**{¶ 14}** The invited-error doctrine precludes a party from complaining of any action taken by a trial court in accordance with that party's own suggestion or request. *State v. Davis*, 2d Dist. Montgomery No. 28796, 2021-Ohio-142, ¶ 27. Because Clark proposed and agreed to the no-contact order that the trial court imposed, he cannot challenge it as being contrary to law. Accordingly, the second assignment of error is overruled.

**{¶ 15}** Clark's third assignment of error states:

APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS GUILTY PLEAS.

**{¶ 16}** Clark contends the trial court twice ignored his "effort" to obtain new counsel, thereby rendering his guilty pleas invalid. The first incident occurred during a November 2, 2020 scheduling conference. On that occasion, he complained about not wanting to file a suppression motion and stated that he desired to "fire" one of his attorneys. Tr. at 25. Defense counsel responded that he would speak to Clark, and the trial court advised counsel to follow up with a motion to withdraw if Clark still wanted new counsel. *Id.* No such motion was filed.

**{¶ 17}** The second incident occurred during the October 8, 2021 plea hearing. While discussing the guilty pleas with Clark, the trial court asked whether he was "satisfied" with the representation provided by his two attorneys. Clark responded, "No." *Id.* at 77. The trial court said "[a]ll right" and proceeded to assure that Clark was entering his pleas voluntarily notwithstanding his dissatisfaction. But the trial court did not inquire into the basis for Clark's negative response. *Id.*

{¶ 18} On appeal, Clark contends the trial court's act of "ignoring" his attempt to obtain new counsel rendered his guilty pleas not knowing, intelligent, and voluntary. We disagree. In order for a plea to be valid constitutionally, a trial court must comply with Crim.R. 11(C). In particular, a trial court must make certain determinations, give certain warnings, and notify a defendant of certain rights. *State v. Goss*, 2d Dist. Greene Nos. 2019-CA-14, 2019-CA-15, 2020-Ohio-207, ¶ 53, quoting *State v. Jones*, 2d Dist. Clark No. 2018-CA-63, 2019-Ohio-303, ¶ 8-11.

{¶ 19} Clark has not identified any defect in the trial court's plea colloquy with regard to the determinations the trial court made, the warnings it gave, or the notifications it provided. Notably, nothing in Crim.R. 11(C) obligated the trial court to ask whether Clark was "satisfied" with his legal representation or, after asking, to inquire into the basis for his dissatisfaction. Notwithstanding his dissatisfaction, Clark confirmed that wished to enter guilty pleas and that he understood the consequences of his pleas and the rights he was waiving. Because Clark entered his pleas with full awareness of the things required by Crim.R. 11(C), we find no support for his assertion that the pleas were not entered knowingly, intelligently, and voluntarily.

{¶ 20} We also reject Clark's argument that the trial court ignored his request for new counsel during the scheduling conference. After he asked to "fire" counsel, the attorney involved agreed to speak to Clark about the matter. The trial court instructed counsel to follow up with a motion to withdraw if Clark still desired new representation. No motion to withdraw was filed. This supports a fair inference that Clark no longer wanted to fire his attorney. In any event, in the absence of such a motion, the trial court did not

err in failing to consider the issue further.

{¶ 21} In reaching our conclusion, we find distinguishable *State v. Santiago*, 195 Ohio App.3d 649, 2011-Ohio-5292, 961 N.E.2d 264 (2d Dist), which also considered a trial court's failure to inquire into a defendant's dissatisfaction with counsel. In *Santiago*, the defendant appeared at a plea hearing and in response to a question from the trial court expressed dissatisfaction with the "advice, counsel, and competence" of his attorney. *Id.* at ¶ 33-36. The trial court did not inquire further and simply confirmed that the plea was voluntary. *Id.* at ¶ 37-38. After entering a no-contest plea, the defendant moved to withdraw it at the sentencing hearing before his sentence was imposed. The trial court overruled the motion, opining that the defendant had had an opportunity to address any concerns about his counsel's representation during the plea hearing and should have done so then. *Id.* at ¶ 61.

{¶ 22} In a two-to-one decision, this court held that the trial court had erred in failing to conduct a "full and fair" hearing on the defendant's plea-withdrawal motion. The majority identified several problematic facts and explained:

> In summary, considering the colloquy at the Crim.R. 11 hearing regarding Santiago's dissatisfaction with his attorney, the court's misstatement of the law at the sentencing hearing, Santiago's timely request to his attorney to file a motion to withdraw the plea, and counsel's failure to play an active role at the sentencing when the motion to withdraw the plea was addressed, we conclude that the discussion at the sentencing hearing did not constitute a "full and fair hearing" on the motion and that

Santiago is entitled to such a hearing on his motion to withdraw his plea. At this hearing, the court can determine the nature of Santiago's dissatisfaction with his attorney and other matters; the voluntary, intelligent, and knowing nature of his plea; and whether Santiago has set forth a reasonable and legitimate basis for the withdrawal of his plea.

*Id.* at ¶ 66.

{¶ 23} *Santiago* is distinguishable is multiple ways. Perhaps most notably, this court's focus in *Santiago* was on the defendant's right to a full and fair *hearing* on a plea-withdrawal motion. In finding a need for such a hearing, this court relied on several facts, only one of which involved the defendant's dissatisfaction with counsel. Unlike *Santiago*, the present case does not involve a plea-withdrawal motion or a request for a hearing. It concerns the trial court's acceptance of a guilty plea after a full Crim.R. 11(C) colloquy and Clark's claim that the trial court's failure to inquire about his dissatisfaction necessarily rendered his pleas constitutionally invalid. Based on the reasoning set forth above, we are unpersuaded that the trial court's lack of such an inquiry rendered the pleas not knowing, intelligent, and voluntary, particularly in the face of a plea hearing demonstrating otherwise.

{¶ 24} Even on the issue of the defendant's dissatisfaction with counsel, Clark's situation differs from *Santiago*. In that case, the defendant responded negatively when asked whether he was satisfied with counsel's "advice, counsel, and competence." In the present case, Clark responded negatively when asked whether he was satisfied with his attorneys' "representation." The defendant's unhappiness with his attorney's "advice, counsel, and competence" in *Santiago* was at least somewhat more specific than Clark's

general dissatisfaction with his "representation." In both cases, of course, the best practice would have been for the trial court to inquire further. But absent a specific complaint, a trial court has no obligation to delve into a defendant's dissatisfaction with his attorney or a request to discharge counsel. As we recently recognized, "the duty to inquire into a defendant's complaint [about counsel's performance] exists only when specific allegations are made." *State v. Phipps*, 2d Dist. Montgomery No. 29199, 2022-Ohio-1188, ¶ 17. In *Phipps*, we held that a trial court was not required to conduct any inquiry when a defendant "requested to fire his attorney on the basis that counsel had not 'fully represented' him." *Id.* at ¶ 18. We similarly conclude that the trial court here had no obligation to inquire further when Clark expressed dissatisfaction with his "representation." The trial court's failure to do so did not invalidate Clark's otherwise proper guilty pleas. Accordingly, the third assignment of error is overruled.

**{¶ 25}** Clark's final assignment of error states:

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

**{¶ 26}** In Case No. 2020-CR-1372/2, the trial court sentenced Clark to 15 years to life in prison for murder with a mandatory consecutive three-year prison term on a firearm specification. In Case No. 2020-CR-1936/2, the trial court sentenced Clark to three years in prison for abduction to be served consecutively to the sentence for murder. In Case No. 2020-CR-3096, the trial court sentenced him to one year in prison for harassment by an inmate to be served consecutively to the sentence for murder. Finally, the trial court ordered the sentences for abduction and harassment by an inmate to be served consecutively to one another. Tr. 98-99, 104. All other prison sentences were imposed

concurrently, resulting in an aggregate term of 22 years to life in prison.

{¶ 27} At the sentencing hearing, the trial court made the R.C. 2929.14(C)(4) findings normally required for consecutive sentences. *Id.* at 99. On appeal, Clark notes that the trial court's judgment entries in Case Nos. 2020-CR-1372/2, 2020-CR-1936/2, and 2020-CR-3096 each omitted one of the statutory findings made at the sentencing hearing, namely that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 28} Contrary to Clark's argument, we conclude that the trial court's omission of one statutory finding from its judgment entries is not reversible error. We are unconvinced that consecutive-sentence findings were required here. The trial court's imposition of partially-consecutive sentences was part of Clark's agreed sentence. The parties' agreed to an aggregate sentence of 22 years to life in prison, and the trial court acknowledged at the plea hearing that it would honor this agreement. The mandatory prison term for Clark's murder conviction and accompanying firearm specification was 18 years to life in prison. In order to reach the aggregate agreed sentence, the trial court necessarily had to impose four more years consecutively. It did so by imposing three years and one year consecutively for abduction and harassment by an inmate. Because these consecutive terms were necessary to impose the parties' agreed sentence, we do not believe consecutive-sentence findings were necessary. A jointly-recommended sentence containing non-mandatory consecutive prison terms need not be supported by consecutive-sentence findings. Moreover, such a sentence is "authorized by law" and is unreviewable on appeal. *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-

3198, ¶ 21-23.

{¶ 29} Even if consecutive-sentence findings were necessary, the trial court's omission of one finding from its judgment entries is not reversible error. The failure to incorporate a finding into a sentencing entry after making that finding at a sentencing hearing does not render the resulting sentence contrary to law. *State v. Black*, 2d Dist. Darke No. 2014-CA-4, 2014-Ohio-5570, ¶ 7, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30. In such a case, we typically remand for the trial court to correct the clerical error via a nunc pro tunc entry. *Id.* at ¶ 7, 10. Here, however, we do not believe consecutive-sentence findings were required at all. Accordingly, we overrule the fourth assignment of error.

### III. Conclusion

{¶ 30} Having sustained Clark's first assignment of error insofar as he contends his indefinite prison terms in Case Nos. 2020-CR-858 and 2020-CR-2828 are contrary to law, we reverse the trial court's judgment in those cases in part and remand for the sole purpose of resentencing consistent with R.C. 2929.19(B)(2)(c). In all other respects, those judgments are affirmed.

{¶ 31} We affirm the trial court's judgment in Case Nos. 2019-CR-3891, 2020-CR-1372/2, 2020-CR-1936/2, 2020-CR-3096, and 2020-CR-3375.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
J. David Turner
Hon. Kimberly A. Melnick