[Cite as *State v. Greene*, 2023-Ohio-389.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29274 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 01793/2 |
| | : | |
| KEITH GREENE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 10, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by RICKY L. MURRAY, Attorney for Appellee

CARL J. BRYAN, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Keith Greene appeals from his convictions for aggravated possession of drugs (methamphetamine) and receiving stolen property. He claims that the trial court failed to correctly provide the Reagan Tokes Act notifications required by R.C. 2929.19(B)(2)(c) at sentencing. For the following reasons, the trial court's judgment will

be reversed, and the matter will be remanded to the trial court for the sole purpose of conducting a new sentencing hearing in compliance with R.C. 2929.19(B)(2)(c).

## I. Procedural History

{¶ 2} Greene pled guilty in the Montgomery County Court of Common Pleas to receiving stolen property (motor vehicle), a felony of the fourth degree, and aggravated possession of drugs (equal to or more than 5 times the bulk amount, but less than 50 times the bulk amount), a felony of the second degree. In exchange for the plea, the State dismissed four additional counts. When the plea occurred, Greene faced the revocation of his community control in two additional cases: Montgomery C.P. Nos. 19-CR-4190 and 20-CR-3179. The parties agreed that Greene would receive a minimum of two years to a maximum of three years in prison "to wrap up both counts here and both revocation cases." Plea Tr. 5. The trial court accepted Greene's guilty plea as knowing, intelligent, and voluntary.

{¶ 3} After a presentencing investigation, the trial court imposed the agreed sentence. Specifically, Greene received 12 months in prison for receiving stolen property and a prison term of a minimum of two years to a maximum of three years for aggravated possession of drugs, to be served concurrently. The court ordered Greene to pay court costs. The trial court told Greene that it was suspending his driver's license for two years, but the suspension was not included in the court's judgment entry. The trial court administratively terminated Greene's community control in the other two cases.

{¶ 4} Greene appeals from his convictions. His original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), stating that he could find no non-frivolous issues for appeal. We rejected the *Anders* brief because the record was incomplete (notably, a transcript of the plea hearing was not prepared). We appointed new counsel to complete the record and to raise any issues that counsel believed had arguable merit.

{¶ 5} Greene now raises a single assignment of error, claiming that the trial court failed to provide the required notifications regarding his indefinite sentence under the Reagan Tokes Act.

## II. Notifications under the Reagan Tokes Act

{¶ 6} R.C. 2929.19(B)(2) states that, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court must do all seven enumerated actions specified in that subsection. Of relevance here, R.C. 2929.19(B)(2)(c) identifies notifications that the trial court must provide if it imposes a non-life felony indefinite prison term pursuant to the Reagan Tokes Act. "Those notifications generally pertain to the offender's minimum and maximum prison term and to the existence and operation of a rebuttable presumption of release from service of the sentence upon expiration of the minimum term." *State v. Clark*, 2d Dist. Montgomery No. 29295, 2022-Ohio-2801, ¶ 7. Specifically, the trial court must notify the offender:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 7} We previously have held that an indefinite prison sentence under the Reagan Tokes Act is contrary to law when the trial court fails to notify the offender at the sentencing hearing of the information set forth in R.C. 2929.19(B)(2)(c). *E.g., State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 23; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 29; *Clark* at ¶ 7; *State v. McLean*, 2d Dist. Montgomery No. 29268, 2022-Ohio-2806, ¶ 14; *State v. Gatewood*, 2d Dist. Clark No. 2021-CA-20, 2022-Ohio-2513, ¶ 14. In *Massie*, we rejected the State's argument that the trial court sufficiently notified the offender of all the information in R.C. 2929.19(B)(2)(c) by simply including the information in the judgment entry of conviction. *Massie* at ¶ 20-22.

{¶ 8} In this case, Greene claims that the trial court failed to comply with R.C. 2929.19(B)(2)(c)(i)-(iv) by failing to reference R.C. 2967.271 during its Reagan Tokes notifications. The trial court told Greene at sentencing:

And we do have some advice given the Reagan Tokes indefinite sentence. Let me indicate for the record, it is rebuttably presumed that Mr. Greene will be released from service of the prison sentence on the expiration of the minimum prison term imposed as a part of this sentence or on his presumptive earned early release date.

The Department of Rehabilitation and Corrections may rebut this presumption if, at a hearing, the specified determinations regarding Mr. Greene's conduct while combined with his rehabilitation, his threat to society, his restrictive housing, if any, while confined and his security

clearances if those determinations are made.

If the Department of Rehabilitation and Corrections makes the specified determinations and rebuts the presumptable (sic) release, the Department of Rehabilitation and Corrections may maintain Mr. Greene's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the Department determines to be reasonable.

The Department of Rehabilitation and Corrections may make the specified determinations and maintain Mr. Greene's incarceration more than one time.

If he's not been released prior to the expiration of his minimum (sic) prison term imposed as a part of this sentence, Mr. Greene must be released upon expiration of that term.

Sentencing Tr. 4-5.

{¶ 9} Upon review of the sentencing transcript, the trial court did not quote R.C. 2929.19(B)(2)(c)(i)-(iv) verbatim, and it did not mention R.C. 2967.271 specifically. Nevertheless, the court's advisements closely tracked the language of the statute, and the trial court adequately complied with its obligation to provide Greene the information contained in R.C. 2929.19(B)(2)(c)(i)-(iv). As a result of the notifications, Greene was informed about the rebuttable presumption regarding his release, how the Ohio Department of Rehabilitation and Correction (ODRC) could rebut the presumption, what ODRC was permitted to do if it rebutted the presumption, and that ODRC could make the

specific determinations and maintain his incarceration more than once. The trial court's advisements under R.C. 2929.19(B)(2)(c)(i)-(iv) were not contrary to law.

**{¶ 10}** We note that the trial court misspoke when it told Greene that, if he had not been released prior to the expiration of the "*minimum* prison term imposed as part of this sentence," he must be released when that term expired. (Emphasis added.) We infer that the court meant to inform Greene, pursuant to R.C. 2929.19(B)(2)(c)(v), that he must be released upon the expiration of his *maximum* term, if he had not already been released. This misstatement, while perhaps inadvertent, was nevertheless material and constituted a failure to provide the notification required by R.C. 2929.19(B)(2)(c)(v). Consequently, the matter must be remanded for resentencing in accordance with R.C. 2929.19(B)(2)(c).

**{¶ 11}** Greene's assignment of error is sustained.

### III. Conclusion

**{¶ 12}** The trial court's judgment will be reversed, and the matter will be remanded to the trial court for the sole purpose of conducting a new sentencing hearing in compliance with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.