[Cite as *State v. Cencebaugh*, 2023-Ohio-1309.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 29531 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03291 |
| | : | |
| BRYANT M. CENCEBAUGH | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on April 21, 2023

· · · · · · · · · ·

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

MATTHEW M. SUELLENTROP, Attorney for Appellant

· · · · · · · · · · · ·

EPLEY, J.

{¶ 1} Bryant M. Cencebaugh appeals from his convictions for aggravated possession of drugs (methamphetamine), two counts of possession of a fentanyl-related compound, and two counts of aggravated possession of drugs (Schedule I or II).  He claims that the trial court failed to properly provide the Reagan Tokes Act notifications required by R.C. 2929.19(B)(2)(c) at sentencing.  The State concedes error.  For the

following reasons, the trial court's judgment will be reversed, and the matter will be remanded for the sole purpose of conducting a new sentencing hearing in compliance with R.C. 2929.19(B)(2)(c).

## I. Facts and Procedural History

{¶ 2} According to the presentence investigation report, on February 8, 2021, Kettering police officers received a report from Cencebaugh's mother that he was "very high," had active warrants, and was at home. After confirming that Cencebaugh had an active warrant, officers observed Cencebaugh seated in his vehicle in his driveway and ordered him out of the vehicle; Cencebaugh did not comply, threw items, and yelled incoherently. The officers ultimately removed him from his vehicle with the assistance of a canine officer. Afterward, they searched Cencebaugh's person and vehicle, locating suspected drugs, drug paraphernalia, approximately $9,000 in cash, and a wall safe.

{¶ 3} On November 24, 2021, Cencebaugh was indicted on five offenses: (1) aggravated possession of drugs (methamphetamine) (amount equal to or more than five times the bulk amount, but less than 50 times bulk amount), a second-degree felony; (2) possession of a fentanyl-related compound (amount equal to or more than 5 grams, but less than 10 grams), a third-degree felony; (3) aggravated possession of drugs (Schedule I or II: Clonazolam), a fifth-degree felony; (4) aggravated possession of drugs (Schedule I or II: Psilocyn), a fifth-degree felony; and (5) possession of a fentanyl-related compound, a fifth-degree felony. Cencebaugh ultimately pled guilty to the charged offenses.

{¶ 4} After a presentence investigation, the trial court sentenced Cencebaugh to an indefinite mandatory prison term of a minimum of three years to a maximum of four

and a half years on Count 1, to a definite term of 36 months on Count 2, and to definite terms of 12 months each on Counts 3, 4, and 5. All of the counts were to be served concurrently to each other and to Cencebaugh's three-year mandatory prison sentence in Warren C.P. No. 21-CR-37832, which he was already serving. The court ordered Cencebaugh to pay court costs.

{¶ 5} Cencebaugh appealed from his convictions. His original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no non-frivolous issues for appeal. Upon an initial review, we found that a non-frivolous issue existed and rejected the *Anders* brief. We appointed new counsel for Cencebaugh.

{¶ 6} Cencebaugh now raises one assignment of error, claiming that the trial court erred when it failed to properly provide the notifications required by R.C. 2929.19(B)(2)(c).

## II. Notifications under the Reagan Tokes Act

{¶ 7} R.C. 2929.19(B)(2) states that, if the trial court determines at the sentencing hearing that a prison term is necessary or required, the court must do all seven enumerated actions specified in that subsection. Of relevance here, R.C. 2929.19(B)(2)(c) identifies notifications that the trial court must provide if it imposes a non-life felony indefinite prison term pursuant to the Reagan Tokes Act. "Those notifications generally pertain to the offender's minimum and maximum prison term and to the existence and operation of a rebuttable presumption of release from service of the sentence upon expiration of the minimum term." *State v. Clark*, 2d Dist. Montgomery No. 29295, 2022-Ohio-2801, ¶ 7. Specifically, the trial court must notify the offender:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to

the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 8} We previously held that an indefinite prison sentence under the Reagan Tokes Act is contrary to law when the trial court fails to notify the offender at the sentencing hearing of the information set forth in R.C. 2929.19(B)(2)(c). *E.g., State v. Greene,* 2d Dist. Montgomery No. 29274, 2023-Ohio-389, ¶ 7; *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 23. In *Massie*, we rejected the State's argument that the trial court sufficiently notified the offender of all the information in R.C. 2929.19(B)(2)(c) by simply including the information in the judgment entry of conviction. *Massie* at ¶ 20-22.

{¶ 9} In this case, Count 1 was the only offense subject to the Reagan Tokes Act. *See* R.C. 2929.14(A). When sentencing Cencebaugh on that count, the trial court told him: "In regards to Count I, the Court is going to sentence you to a minimum term of three years and a maximum term of four and a half years. That is a mandatory sentence." Although the trial court had briefly explained indefinite sentencing under the Reagan Tokes Act at the plea hearing, it did not provide the notifications required by R.C. 2929.19(B)(2)(c) at sentencing. The State agrees with Cencebaugh – as do we – that his sentence is contrary to law and that he must be resentenced in accordance with R.C. 2929.19(B)(2)(c).

### III. Conclusion

**{¶ 10}** The trial court's judgment will be reversed, and the matter will be remanded to the trial court for the sole purpose of conducting a new sentencing hearing in compliance with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.