[Cite as *State v. Yarbrough*, 2025-Ohio-5437.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30498 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 02410 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DEJUANE TERRELL YARBROUGH | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 5, 2025, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings in accordance with the opinion.

Costs to be paid as follows: 50% by Appellee and 50% by Appellant

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MARY K. HUFFMAN, JUDGE

TUCKER, J., and LEWIS, J., concur.

MONTGOMERY C.A. No. 30498

CHRISTOPHER BAZELEY, Attorney for Appellant
SARAH H. CHANEY, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Dejuane Terrell Yarbrough appeals from his judgment of conviction on one count of aggravated possession of drugs. Because the trial court improperly advised Yarbrough at disposition that he was entitled to counsel if the Ohio Department of Rehabilitation and Correction ("ODRC") held a hearing to determine if an additional prison term should be imposed during his incarceration, thereby fundamentally altering the advisement required by the Reagan Tokes Law, the judgment of the trial court is reversed. This matter is remanded for the sole purpose of providing Yarbrough with the proper notice under the Reagan Tokes Law. The judgment of the trial court is affirmed in all other respects.

## Facts and Procedural History

{¶ 2} On August 30, 2024, Yarbrough was indicted on two counts of aggravated possession of drugs, one count of possession of a fentanyl-related compound, and one count of possession of cocaine. He pled not guilty on September 12, 2024.

{¶ 3} On March 5, 2025, Yarbrough withdrew his former pleas and pled guilty to aggravated possession of drugs (50x bulk > 100x bulk), and the remaining counts were dismissed. At disposition on May 28, 2025, the court imposed a mandatory definite minimum term of 7 years to an indefinite maximum term of 10.5 years.

## Assignment of Error and Analysis

{¶ 4} In his assignment of error, Yarbrough claims that the trial court failed to "fully and accurately advise" him of his rights under the Reagan Tokes Law. He argues that the

trial court failed to advise him that the ODRC could hold more than one hearing to determine whether to extend his incarceration and that the court erred in advising him, twice, that counsel would be appointed to represent him at additional term hearings. Yarbrough acknowledges, however, that "there is nothing in the statute that provides that an inmate will be entitled to counsel during a R.C. 2967.271 hearing," directing our attention to *State v. Holsinger*, 2022-Ohio-4092, ¶ 53 (6th Dist.). ("[W]e conclude Holsinger has failed in his burden to show then Reagan Tokes Law violates procedural due process on its face because it fails to afford access to counsel."). Yarbrough seeks resentencing.

{¶ 5} "Effective March 22, 2019, the Reagan Tokes Law established indefinite-sentencing provisions for people convicted of non-life-sentence felony offenses of the first or second degree." *State v. Maddox*, 2022-Ohio-764, ¶ 4. Under the statute, a trial court must impose an indefinite prison term for a qualifying offense that consists of a minimum term selected by the sentencing judge from the range of terms provided in R.C. 2929.14(A) and a maximum term calculated using the formulas set forth in R.C. 2929.144.

{¶ 6} When a defendant is sentenced to an indefinite term under the Reagan Tokes Law, "there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). Although there is a presumption that a defendant will be released on the expiration of his minimum prison term, the ODRC may rebut that presumption "if it determines, after a hearing, that among other things, the prisoner has violated prison rules or the law (thereby demonstrating that the prisoner has not been rehabilitated and poses a threat to society), the prisoner has been placed in restrictive housing in the past year, or is classified as a security level of three of above." *State v. Glaze*, 2022-Ohio 4549, ¶ 8 (2d Dist.), citing R.C. 2967.271(C).

3

**{¶ 7}** If the ODRC rebuts the presumption of release, it may "maintain the offender's incarceration" for an additional period of incarceration that "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1). Following the additional period of incarceration, an offender is again presumed to be entitled to release unless the ODRC rebuts that presumption in a hearing specified in R.C. 2967.271(C). R.C. 2967.271(D)(2). The ODRC is required to provide notices of hearings "in the same manner, and to the same persons" as it provides "with respect to hearings to be conducted regarding the possible release on parole of an inmate." R.C. 2967.271(E).

**{¶ 8}** R.C. 2929.19(B)(2) states that if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court must engage in all seven enumerated actions specified in that subsection. R.C. 2929.19(B)(2)(c) identifies notifications that the trial court must provide if it imposes a non-life felony indefinite prison term under the Reagan Tokes Act. "Those notifications generally pertain to the offender's minimum and maximum prison term and to the existence and operation of [the] rebuttable presumption of release from service of the sentence upon expiration of the minimum term." *State v. Clark*, 2022-Ohio-2801, ¶ 7 (2d Dist.). The trial court must notify the offender:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the

4

offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (b)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v). We previously have held that an indefinite prison sentence under the Reagan Tokes Act is contrary to law when the trial court fails to notify the offender at the sentencing hearing of the information set forth in R.C. 2929.19(B)(2)(c). *E.g.*, *State v. Massie*, 2021-Ohio-3376, ¶ 23 (2d Dist.); *State v. Thompson*, 2021-Ohio-4027, ¶ 29 (2d Dist.); *Clark* at ¶ 7; *State v. McLean*, 2022-Ohio-2806, ¶ 14 (2d Dist.); *State v. Gatewood*, 2022-Ohio-2513, ¶ 14 (2d Dist.).

5

**{¶ 9}** When reviewing a felony sentence, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 7. Under the statute, an appellate court may increase, reduce, or modify a sentence, or may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes or (2) the sentence is otherwise contrary to law. *Id*. at ¶ 9, citing R.C. 2953.08(G)(2).

**{¶ 10}** The court advised Yarbrough as follows at disposition:

Now let's talk about Reagan Tokes. We did this at the time of the plea, but let's review it together again. You have to do the seven mandatory years. It is presumed, as a matter of law, that at the time you've completed that term, that you will be released from prison unless you have conducted yourself in prison in a fashion that the Adult parole Authority decides, not me - - but they decide that they want to hold you for a longer period of time because, in essence, they think you've been a bad actor in prison.

If they're going to do that, they got to do some things. They got to give you a written notice that they intend to do it. They got to give you a lawyer, they have to give you a hearing, and then they have to prove the facts that would justify holding you for that indefinite period of time. The agreed term is seven years. I announced the Reagan Tokes sentence, seven to ten and a half. If they're going to try to hold you beyond seven years into that additional three and a half, they got to do what I just described. Then they'll establish a new out date for you.

It's presumed you'll be released on that date. Unless what? Unless they allege that you continued to engage in behavior that leads them to want to hold

6

you, then they got to do it all over again. They got to give you written notice, a lawyer, a hearing, and they got to prove that they're entitled to hold you. Ultimately, you would be released at the end of the ten and a half years. And so that's how Reagan Tokes works.

{¶ 11} The record reflects that the trial court properly advised Yarbrough that if he continued to engage in bad behavior after the imposition of an initial additional prison term, the ODRC could "do it all over again" or, put differently, hold more than one hearing regarding the imposition of any further additional terms. Yarbrough's argument to the contrary fails.

{¶ 12} However, the plain language of R.C. 2967.271(C) indicates that an inmate is not entitled to counsel at a hearing regarding the imposition of an additional prison term, so Yarbrough's sentence is contrary to law. While a surplusage of information will not always alter the meaning implicit in the notification required by the Reagan Tokes Law, under the unique circumstances of this case, by notifying Yarbrough he was entitled to counsel, the trial court fundamentally altered the advisement required. Yarbrough's assigned error is sustained for this reason.

## Conclusion

{¶ 13} Having sustained Yarbrough's assignment of error, we reverse the trial court's judgment with respect to his sentence only, and this matter is remanded for the sole purpose of properly advising Yarbrough consistent with the Reagan Tokes Law. The judgment of the trial court is affirmed in all other respects.

. . . . . . . . . . . . .

TUCKER, J., and LEWIS, J., concur.

7