[Cite as *State v. Massie*, 2021-Ohio-3376.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-50 |
| | : | |
| v. | : | Trial Court Case Nos. 2020-CR-184 |
| | : | |
| ALLAN W. MASSIE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of September, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, 202 North Limestone Street, Suite 250, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Allan W. Massie, appeals from his conviction in the Clark County Court of Common Pleas after pleading guilty to one count of robbery.   In support of his appeal, Massie contends that his guilty plea was not knowingly, intelligently, and voluntarily entered because, at the plea hearing, the trial court failed to explain the indefinite nature of the maximum possible prison sentence he faced by pleading guilty.   Massie also contends that the 8-to-12-year indefinite prison sentence imposed by the trial court is contrary to law because, at the sentencing hearing, the trial court failed to provide statutorily required notices set forth in R.C. 2929.19(B)(2)(c).   For the reasons outlined below, we find that Massie's guilty plea was knowingly, intelligently, and voluntarily entered, but that his sentence was contrary to law due to the trial court's failure to provide the notifications required under R.C. 2929.19(B)(2)(c).   Therefore, the judgment of the trial court will be affirmed in part, reversed in part, and remanded to the trial court for the sole purpose of resentencing Massie.

**Facts and Course of Proceedings**

{¶ 2} On June 11, 2020, Massie entered a guilty plea to one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree.   During the plea hearing, the trial court engaged Massie in a plea colloquy that included an advisement that the maximum penalty Massie faced by pleading guilty was "eight to twelve years in the Ohio State Penitentiary and a $15,000 fine."   Plea Hearing Trans. (June 11, 2020), p. 7. Following that advisement, the trial court told Massie that the maximum penalty "may be a little bit confusing."   *Id.*   Despite this, the trial court did not further explain the maximum penalty to Massie.   Rather, the trial court simply asked Massie if he understood that the

maximum penalty "would be an indefinite sentence of eight to twelve years," and Massie indicated that he understood. *Id.* Massie also signed a plea form indicating that he understood the maximum possible penalty was 8 to 12 years in prison and a $15,000 fine. Neither the plea form nor the trial court's plea colloquy explained the indefinite sentencing scheme to Massie.

{¶ 3} After accepting Massie's guilty plea and finding Massie guilty of robbery, the trial court ordered a presentence investigation and scheduled the matter for a sentencing hearing on July 1, 2020. At the sentencing hearing, the trial court sentenced Massie to the maximum, indefinite sentence of 8 to 12 years in prison. While imposing that sentence, the trial court did not orally notify Massie of any of the indefinite sentencing advisements set forth in R.C. 2929.19(B)(2)(c)(i)-(v). The trial court did, however, include the advisements within its judgment entry of conviction.

{¶ 4} Massie now appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 5} Under his sole assignment of error, Massie raises two distinct arguments. Massie first argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because, during the plea hearing, the trial court failed to explain the indefinite nature of the maximum possible prison sentence he faced by pleading guilty. Massie additionally argues that the 8-to-12-year indefinite prison sentence imposed by the trial court is contrary to law because the trial court failed to provide the statutorily required notices in R.C. 2929.19(B)(2)(c) at the sentencing hearing. For ease of discussion, we

will address the merits of Massie's two arguments following a brief discussion on Ohio's recently enacted indefinite sentencing scheme.

*Indefinite Sentencing*

{¶ 6} On March 22, 2019, the Reagan Tokes Law (S.B. 201) became effective in Ohio. This law requires sentencing courts to impose indefinite prison sentences for felonies of the first or second degree that are committed on or after the law's effective date. The law specifies that the indefinite sentences will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The law also establishes a presumption that the offender will be released at the end of the minimum term. R.C. 2967.271(B). The Ohio Department of Rehabilitation and Correction ("ODRC"), however, may rebut that presumption. R.C. 2967.271(C). In order to rebut the presumption for release at the end of the minimum term, the ODRC must conduct a hearing and determine whether certain statutory factors are applicable. R.C. 2967.271(C)(1), (2) and (3). If the presumption is rebutted, the ODRC may maintain the offender's incarceration beyond the minimum term for a reasonable period of time not to exceed the maximum term imposed by the sentencing judge. R.C. 2967.271(D).

*Massie's Guilty Plea*

{¶ 7} As previously noted, Massie first argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to explain the indefinite nature of the maximum possible prison sentence. We disagree.

{¶ 8} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 162 Ohio St.3d 1, 164 N.E.3d 286, 2020-Ohio-2765, ¶ 11. Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and doing the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 9} A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). There are, however, two exceptions to this rule.

{¶ 10} The first exception concerns the constitutional rights advisement under

Crim.R. 11(C)(2)(c). "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. (Other citation omitted.)

{¶ 11} The second exception occurs when a trial court completely fails to comply with a portion of Crim.R. 11(C), as this also "eliminates the defendant's burden to show prejudice." *Dangler* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. " '[A] complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty.' " *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 22, quoting *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 19 (12th Dist.). " 'By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a).' " *Id.*, quoting *Rogers* at ¶ 19.

{¶ 12} "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.* at ¶ 16, quoting *Nero* at 108.

{¶ 13} Although not explicit, Massie's argument suggests that the trial court failed to comply with the maximum penalty advisement required under Crim.R. 11(C)(2)(a).

Specifically, Massie argues that the trial court failed to explain the indefinite nature of the maximum possible prison sentence he faced given that the trial court did not explain the sentence's 8-to-12 year variance.

{¶ 14} The record of the plea hearing establishes that the trial court correctly informed Massie that the maximum possible penalty he faced for second-degree-felony robbery was an indefinite term of 8 to 12 years in prison and a $15,000 fine. R.C. 2929.14(A)(2)(a); R.C. 2929.144(B); R.C. 2929.18(A)(3)(b). Despite acknowledging that the maximum penalty "may be a little bit confusing," the trial court did not further explain the maximum penalty or Ohio's indefinite sentencing scheme to Massie. Plea Hearing Trans. (June 11, 2020), p. 7. Massie nevertheless indicated that he understood the maximum possible penalty at the plea hearing and signed a plea form acknowledging the same.

{¶ 15} Given these facts, we do not find that the trial court completely failed to comply with the maximum penalty advisement required under Crim.R. 11(C)(2)(a). This is because, as the record indicates, the trial court advised Massie of the correct maximum penalty he faced, albeit somewhat incompletely. Therefore, in order to have his guilty plea vacated, Massie must establish that he was prejudiced by the trial court's advisement. Massie, however, has failed to argue prejudice in his appellate brief. There is also nothing in the record indicating that Massie would not have entered his guilty plea had the trial court explained the indefinite sentencing scheme and the 8-to-12 year variance in Massie's sentence. Accordingly, because Massie has not argued or established prejudice, he is not entitled to have his guilty plea vacated. *See State v. Long,* 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 22. For this reason, Massie's

first argument lacks merit.

*Massie's Sentence*

{¶ 16} Massie next argues that his 8-to-12-year indefinite prison sentence is contrary to law because the trial court failed to provide the statutorily required notices set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. We agree.

{¶ 17} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or *(2) the sentence is otherwise contrary to law*. (Emphasis added.) *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 18} Several of our sister districts have held that a sentence is contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *See, e.g., State v. Wolf*, 5th Dist. Licking No. 2020 CA 00021, 2020-Ohio-5501, ¶ 36-37; *State v. Miles*, 11th Dist. Portage No. 2020-P-0032, 2020-Ohio-6921, ¶ 20, 27-31; *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 27-29; *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43, 45-46; *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24-25.

{¶ 19} R.C. 2929.19(B)(2)(c) provides that:

[I]f the sentencing court determines **at the sentencing hearing** that

a prison term is necessary or required, the court shall do all of the following:

* * *

(c) If the prison term is a non-life felony indefinite prison term, ***notify the offender of all of the following***:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.)   R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 20} The State argues that the foregoing statutory language does not specifically require the trial court to give the notifications listed in the statute at the sentencing hearing because it merely requires the sentencing court to "notify the offender."   According to the State, the trial court sufficiently notified Massie of all the information in R.C. 2929.19(B)(2)(c) by simply including the information in the judgment entry of conviction. We disagree.

{¶ 21} "It is a general axiom of statutory construction that once words have acquired a settled meaning, that same meaning will be applied to a subsequent statute on a similar or analogous subject."   *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 464, 639 N.E.2d 425 (1994), citing R.C. 1.42 and *Goehring v. Dillard*, 145 Ohio St. 41, 60 N.E.2d 704 (1945).   Therefore, "to determine the legislative intent behind a statute, courts must read the language in context and must construe related sections together, since courts normally presume that words carry the same meaning when they appear in different but related sections of an act."   85 Ohio Jurisprudence 3d, Meaning of Words Known from Context, Section 223 (2021), citing *Spencer v. Freight Handlers, Inc.*, 131

Ohio St. 3d 316, 2012-Ohio-880, 964 N.E.2d 1030 and *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 133 S.Ct. 1351, 185 L.Ed.2d 392 (2013).

{¶ 22} In this case, when reading the language in R.C. 2929.19(B)(2) as a whole, it becomes clear that the notification requirement at issue in section (B)(2)(c) relates to notice that must be given at the sentencing hearing. We reach this conclusion by looking at the language in the preceding sections of the statute, i.e., (B)(2)(a) and (B)(2)(b). Section (B)(2)(a) provides that the sentencing court shall "notify the offender that the prison term is a mandatory prison term," without specifically stating that the notification should be given at the sentencing hearing. Section (B)(2)(b), however, instructs the sentencing court to "include in the sentencing entry * * * whether the sentence or sentences contain mandatory prison terms[.]" When considering the language in sections (B)(2)(a) and (B)(2)(b) together, it becomes clear that the phrase "notify the offender" in (B)(2)(a) necessarily refers to notice that should be given at the sentencing hearing, since section (B)(2)(b) instructs the trial court to include the same information in the sentencing entry.

{¶ 23} Like section (B)(2)(a), section (B)(2)(c) simply instructs the sentencing court to "notify the offender" of the specific information listed thereunder without specifically mentioning the sentencing hearing. Because the phrase "notify the offender" as used in (B)(2)(a) refers to notification given at the sentencing hearing, we find that the same meaning should apply to the phrase "notify the offender" in section (B)(2)(c). Therefore, we agree with our sister districts and find that the trial court was required to notify the offender of all the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing in order to fulfill the requirements of the statute. Accordingly, because the trial court in

this case failed to notify Massie of any of the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing, we sustain Massie's second argument and find that Massie's sentence is contrary to law.

**{¶ 24}** For the foregoing reasons, Massie's sole assignment of error is sustained as it relates to Massie's sentence and overruled as it relates to Massie's guilty plea.

## Conclusion

**{¶ 25}** The judgment of the trial court is reversed as it pertains to Massie's sentence; in all other respects, the judgment is affirmed.   The matter shall be remanded to the trial court for the sole purpose of resentencing Massie in accordance with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Ian A. Richardson
Samantha L. Berkhofer
Hon. Douglas M. Rastatter