**[Cite as *State v. Midkiff*, 2023-Ohio-1835.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-62 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0442 |
| | : | |
| DUSTIN MIDKIFF | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 2, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

LUCAS W. WILDER, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Dustin Midkiff appeals from his conviction in the Clark County Court of Common Pleas after pleading guilty to one count of robbery, one count of attempted aggravated robbery, and one count of failure to comply. In support of his appeal, Midkiff contends that the trial court abused its discretion by denying his motions for continuance. Midkiff also contends that his sentence was contrary to law because, at

the sentencing hearing, the trial court failed to provide the statutorily required notices set forth in R.C. 2929.19(B)(2)(c). For the reasons outlined below, we conclude that Midkiff's guilty plea functioned as a waiver of any alleged error in the trial court's denial of his motions for continuance, but that his sentence was contrary to law due to the trial court's failure to provide the notifications required under R.C. 2929.19(B)(2)(c). Therefore, the judgment of the trial court will be affirmed in part and reversed in part, and the cause will be remanded to the trial court for the sole purpose of resentencing Midkiff.

I.      Facts and Course of Proceedings

{¶ 2} On May 23, 2022, a Clark County grand jury indicted Midkiff on one count of robbery, a third-degree felony in violation of R.C. 2911.02(A)(3); one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1); one count of failure to comply, a fourth-degree felony in violation of R.C. 2921.331(B) and (C)(4); and one count of failure to comply, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5).

{¶ 3} A jury trial was scheduled for August 9, 2022. A plea agreement was attempted the morning of August 8, 2022, but the trial court rejected it. That afternoon, Midkiff filed a motion requesting that the trial judge either recuse himself or continue the trial so that Midkiff could "consider filing an affidavit of disqualification with the Ohio Supreme Court." Later that afternoon, the trial court denied both the recusal request and the motion for a continuance. On the day of trial, Midkiff filed a motion to compel production of video and photo evidence and to continue the trial. The trial court granted the motion to compel but denied the motion for continuance.

{¶ 4} After the jury was empaneled, Midkiff entered into a revised plea agreement with the State, whereby the State agreed to amend count two to attempted aggravated robbery and to dismiss count three as well as the gun specification on count two. Pursuant to the agreement, Midkiff agreed to plead guilty to count one, amended count two, and count four. In return, Midkiff would receive an agreed sentence of two years in prison on count one, six to nine years in prison on count two, and two years in prison on count four, with all three prison terms to run consecutively. The trial court accepted the plea agreement and sentenced Midkiff accordingly. Midkiff filed a timely notice of appeal.

II.     Midkiff Waived Any Error in The Trial Court's Denial of His Motions for a Continuance of The Trial

{¶ 5} Midkiff's first assignment of error states "Whether the trial court erred in denying Midkiff's requests for continuance."

{¶ 6} Midkiff contends that the trial court abused its discretion by denying two separate requests for a continuance. According to Midkiff, the first request was made the day before trial when Midkiff "requested a continuance to allow him the ability to file an affidavit of disqualification with the Ohio Supreme Court." Appellant's Brief, p. 3. The second request, filed the morning of trial, "was made because Midkiff was not in possession of discovery[.]" *Id.* The trial court granted the request for discovery but denied the request for a continuance.

{¶ 7} The State counters that Midkiff's guilty plea effectively waived any potential issues regarding the trial court's denial of his motions to continue. The State concludes

that "Defendant's guilty plea was made intelligently, knowingly, and voluntarily; the trial court's denial of the motions to continue did not affect the voluntariness of his plea, and Defendant's guilty plea has waived any argument regarding his motions to continue." Appellee's Brief, p. 3-4.

{¶ 8} " 'A criminal defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings.' " *State v. Cruse*, 10th Dist. Franklin Nos. 01AP-1074, 01AP-1075, 2002-Ohio-3259, ¶ 22, quoting *State v. Durst*, 2d Dist. Montgomery No. 11384, 1989 WL 150797, *1 (Dec. 13, 1989). Once a defendant enters a guilty plea, he waives any error in the trial court's refusal to grant a requested continuance. *State v. Rice*, 9th Dist. Summit No. 24932, 2010-Ohio-1825, ¶ 9. "The only exception would be if the denial of the motion for a continuance of the trial date effectively coerced [the defendant's] plea, i.e., made it other than voluntary." *State v. Lane*, 2d Dist. Greene No. 2001-CA-91, 2002 WL 626164, *5 (Apr. 19, 2002). Midkiff does not allege that the denial of his requested continuances coerced his guilty plea or made it other than voluntary. Therefore, his first assignment of error is overruled.

III. The State Concedes Error Due to the Trial Court's Failure to Provide The Required Notifications in R.C. 2929.19(B)(2)(c)

{¶ 9} Midkiff's second assignment of error states "Midkiff's sentence is contrary to law because the trial court did not advise him of all the 2929.19(B)(2)(c) notifications."

{¶ 10} When a trial court imposes a non-life felony indefinite sentence pursuant to

the Reagan Tokes Law, R.C. 2929.19(B)(2)(c) requires that the trial court provide the following notifications to the defendant: (1) it is rebuttably presumed that the offender will be released on the expiration of the minimum prison term imposed; (2) the department of rehabilitation and correction may rebut the presumption at a hearing by making determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, and the offender's security classification; (3) if the presumption is rebutted, the department may maintain the offender's incarceration for the length of time the department determines to be reasonable; (4) the department may make the specified determinations and maintain the offender's incarceration more than one time; and (5) the offender must be released no later than the expiration of the maximum prison term. R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 11} According to Midkiff, "[a] sentence is contrary to law if a trial court imposes an indefinite prison term pursuant to the Reagan Tokes Act and fails to orally advise the defendant of all of the R.C. 2929.19(B)(2)(c) notifications at disposition." Appellant's Brief, p. 9, citing *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376. Citing to the transcript, Midkiff contends that "the trial court did not fully advise Midkiff of the notifications under 2929.19(B)(2)(c)." Appellant's Brief, p. 9.

{¶ 12} The State concedes error on this assignment of error. According to the State, "[a]lthough the trial court briefly explained indefinite sentencing and the presumption that Defendant would be released after the minimum term, it did not fully restate the notifications prescribed by R.C. 2929.19(B)(2(c)." Appellee's Brief, p. 4. Therefore, the State concludes that "this Court should remand the case solely for the

purpose of providing Defendant with the required sentencing notifications." *Id.*

{¶ 13} The trial court in this case generally advised Midkiff at the sentencing hearing that there was a presumption that he would be released after serving the minimum term of his sentence, but this presumption could be rebutted based on Midkiff's conduct while in prison. August 9, 2022 Transcript, p. 10-11, 14-15. However, the trial court neglected to advise him of the remaining notifications set forth in R.C. 2929.19(B)(2)(c). Accordingly, Midkiff's sentence was contrary to law, and his second assignment of error is sustained. *See Massie* at ¶ 23.

IV. Conclusion

{¶ 14} The judgment of the trial court is reversed as it pertains to Midkiff's sentence; in all other respects, the judgment is affirmed. The matter shall be remanded to the trial court for the sole purpose of resentencing Midkiff in accordance with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.