[Cite as *State v. Lawson*, 2025-Ohio-934.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| RAFFAEL D. LAWSON | : | Case No. 24 CA 0030 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas of Fairfield County 2022 CR 173

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT: March 17, 2025

APPEARANCES:

For Plaintiff-Appellee

Mark A. Balazik
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

Christopher C. Bazeley
9200 Montgomery Rd. Suite 8A
Cincinnati, Ohio 45242

*Gormley, J.*

**{¶1}** Defendant Raffael Lawson appeals the judgment of the Fairfield County Court of Common Pleas, where he was found guilty of engaging in a pattern of corrupt activity, as well as other crimes. For the reasons explained below, we vacate Lawson's conviction on the engaging charge, and we remand for proceedings consistent with this opinion.

## Facts and Procedural History

**{¶2}** In February 2022, a corrections officer at the Richland County Correctional Institution saw an airborne drone that was carrying a package. The officer watched as the drone flew over one of the prison's open yards where hundreds of inmates were gathered. Without dropping its package, the drone then abruptly left the prison yard and flew away.

**{¶3}** Prison staff reported the drone sighting to the Ohio State Highway Patrol, and an on-duty trooper positioned his vehicle on a road near the prison to watch for suspicious activity. That trooper immediately noticed a white sport utility vehicle with an obstructed license plate occupied by several masked men traveling at 43 miles per hour in a posted 25-miles-per-hour zone. The trooper effected a traffic stop of the vehicle and approached the stopped vehicle on foot at the roadside. Lawson was the driver of the stopped vehicle.

**{¶4}** The trooper, after detecting the odor of marijuana, took the occupants into custody and searched the vehicle. (The traffic stop occurred before the possession of small amounts of so-called recreational marijuana became legal in Ohio in December 2023.) In the stopped vehicle, the trooper found, among other things, drones and various

drugs that were wrapped tightly into packages. Lawson was arrested, but he was released soon afterwards.

**{¶5}** Later, in April 2022, corrections officers at the Southeastern Correctional Institution in Fairfield County observed a drone fly overhead and drop a package onto prison grounds. Investigators at the prison had intercepted several phone calls indicating that Lawson would be involved in a drop there on that particular night. In preparation, corrections officers and highway-patrol troopers were on alert in and around the prison to intercept any incoming drone-delivered packages. Shortly after the drop occurred, troopers on a nearby road saw Lawson in a vehicle, and they took him into custody.

**{¶6}** The troopers searched Lawson's vehicle, and they found in it a drone and various drugs wrapped tightly into packages. Testimony was introduced at trial that the total value of the drugs that Lawson intended to drop into the prison, had he not been interrupted by the troopers' investigation that April night, was approximately $50,000.

**{¶7}** At his jury trial in April 2024, Lawson was found guilty on 15 felony charges as well as a misdemeanor charge in connection with his actions in Fairfield County and Richland County. Lawson now appeals his conviction for one of those felonies — engaging in a pattern of corrupt activity — and he requests a resentencing hearing in the case as a whole.

## Lawson's Conviction for Engaging in a Pattern of Corrupt Activity Was Not Supported by Sufficient Evidence

**{¶8}** In his first assignment of error, Lawson contends that his conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence. We agree.

{¶9} "When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed but, rather, whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "'The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Howell*, 2020-Ohio-174, ¶ 28 (5th Dist.), quoting *Pountney* at ¶ 19. A "verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997).

{¶10} The state, to convict Lawson of engaging in a pattern of corrupt activity, was required to introduce evidence supporting every element of the crime. The engaging-in-a-pattern-of-corrupt-activity statute prohibits any "person employed by, or associated with, any enterprise" from "conduct[ing] or participat[ing] in . . . the enterprise through a pattern of corrupt activity[.]" R.C. 2923.32(A)(1). A pattern of corrupt activity requires "two or more incidents of corrupt activity[.]" R.C. 2923.31(E).

{¶11} Corrupt activity encompasses various crimes including "[a]ny violation of section . . . 2925.03 [or] . . . 2925.11 of the Revised Code . . . when . . . the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds one thousand dollars, or any combination of violations . . . when the total proceeds of the combination of violations . . . exceeds one thousand dollars[.]" R.C. 2923.31(I)(2)(c).

{¶12} The prosecution here relied on Lawson's alleged aggravated trafficking in drugs (a violation of R.C. 2925.03) and his alleged aggravated possession of drugs (a violation of R.C. 2925.11) to support Lawson's conviction for engaging in a pattern of corrupt activity. The aggravated-trafficking and aggravated-possession charges in turn stemmed from the drugs found by law enforcement in the vehicles driven by Lawson during the February and April 2022 incidents.

{¶13} Trial testimony indicated that the drugs involved in the April incident were valued at approximately $50,000. No evidence was presented, however, about the value of the drugs involved in the February incident. One of the troopers who searched the vehicle that was involved in the February incident testified that he found packages containing marijuana, strips of Suboxone (a medication used to treat opioid addiction), and tablets that were later tested and found to contain methamphetamine. Although photographs of these drugs were admitted as evidence, no testimony was offered that might have enabled the jury to determine the value of the drugs.

{¶14} The state, therefore, introduced evidence proving just one instance of corrupt activity. Because a conviction for engaging in a pattern of corrupt activity requires the state to prove at least two instances of corrupt activity, we vacate Lawson's conviction on the engaging charge.

{¶15} The state contends, however, that it needed to prove only that the total value of the drugs involved in both incidents *in the aggregate* was more than $1,000. Under the state's theory, the jury could have properly convicted Lawson of engaging in a pattern of corrupt activity because both the February and April incidents involved violations of R.C. 2925.03 and R.C. 2925.11, and the total value across both incidents

was greater than $1,000.  The relevant statute's wording, however, does not support the prosecution's view.

{¶16}  The definition of "corrupt activity" provides that combinations of smaller drug offenses can qualify as corrupt activity when the value of the drugs involved in those combinations exceeds $1,000.  That language, however, allows multiple smaller drug violations to be aggregated into *a single instance* of corrupt activity.  The definition of "pattern of corrupt activity" emphasizes that the incidents cannot be "isolated" or "so closely related to each other and connected in time and place that they constitute a single event."  R.C. 2923.31(E).  In other words, any drug violations that occurred during the February incident could be aggregated into one instance of corrupt activity, and any drug violations that occurred during the April incident could be aggregated into one instance of corrupt activity.  The state could not, however, prove that the February incident was corrupt activity involving more than $1,000 of contraband by pointing to the value of the contraband involved in the April incident.

{¶17}  R.C. 2923.31(I)(2)(c)'s reference to a "combination of violations" addresses violations that are combined to prove a single instance of corrupt activity. But then that single instance — perhaps itself comprised of multiple close-in-time-or-place crimes that together involve more than $1,000 in contraband — must be paired with at least one other separate instance of corrupt activity involving more than $1,000 in contraband in order for a pattern of corrupt activity to exist.  The prosecution offered proof of just one more-than-$1,000 instance of corrupt activity in this case, and therefore the state failed to prove that Lawson engaged in a *pattern* of corrupt activity under R.C. 2923.31(E) and 2929.31(I)(2)(c).

{¶18} Our reading of the statute is in accord with the views of other Ohio appellate courts. *See State v. Liggins*, 2018-Ohio-243, ¶ 23 (6th Dist.) ("[i]f the general assembly had intended for the pattern of corrupt activity proceeds to exceed $1,000, the 'exceeds one thousand dollars' element would have been included as part of the definition of 'pattern of corrupt activity,' rather than as part of the definition of 'corrupt activity[]'"); *accord State v. Kole*, 2022-Ohio-4322, ¶ 38 (4th Dist.) (the state "must produce evidence of at least two corrupt activities where the proceeds of each corrupt activity exceeded $1,000"); *State v. Walker*, 2021-Ohio-4321, ¶ 14 (10th Dist.) ("the aggregate total of the pattern of corrupt activities must be, at minimum, $2,000.02").

{¶19} Having failed during the trial to present evidence that the value of the contraband — the illegal drugs — involved in the February 2022 incident exceeded $1,000, the state now contends that the value of the drones found in Lawson's car during the February incident can be considered in determining whether that incident was corrupt activity. We disagree.

{¶20} At trial, testimony was introduced that the two drones recovered from the vehicle involved in the February incident were each valued at $1,700. Under the definition of corrupt activity in a case involving illegal drugs, the items that count toward the more-than-$1,000 calculation are "the proceeds of [the drug] violation, the payments made in [the drug] violation . . . or the value of the contraband or other property illegally possessed . . . in [the drug] violation." R.C. 2923.31(I)(2)(c). The state acknowledges that only "contraband" is at issue here because Lawson's attempted drug sales were prevented by law enforcement, meaning that we have no actual "proceeds" or "payments" in this case.

**{¶21}** Ohio law defines "contraband" as "any property that is illegal for a person to acquire or possess under a statute, ordinance, or rule, or that a trier of fact lawfully determines to be illegal to possess by reason of the property's involvement in an offense." R.C. 2901.01(A)(13). The state here did not introduce any evidence that the drones found in the vehicle were illegal to possess, and the jury certainly made no finding that the drones were illegal by reason of their involvement in the drug offenses. And of course no statutes or rules in Ohio bar citizens from acquiring or possessing drones. The $1,700 value of the drones therefore cannot rightly be included in any calculation of the value of the February 2022 contraband.

**{¶22}** Because the prosecution failed to present sufficient evidence that the February 2022 incident involved "corrupt activity" as that term is defined in R.C. 2923.31(I)(2)(c), we now vacate Lawson's conviction on the charge of engaging in a pattern of corrupt activity. We note, in addition, that "when an appellate court reverses for insufficiency of the evidence, the Double Jeopardy Clause bars retrial." *City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 10.

## Lawson Was Not Given a Full Explanation of Ohio's Indefinite-Sentencing System Under R.C. 2929.19(B)(2)(c)

**{¶23}** In his second assignment of error, Lawson contends that the trial judge failed to fully advise him about the indefinite-sentencing process in Ohio. We agree.

**{¶24}** Felony sentences are reviewed under the standard set forth in R.C. 2953.08. *State v. Corbett*, 2023-Ohio-556, ¶ 24 (5th Dist.). That statute allows an appellate court to either increase, reduce, modify, or vacate a sentence and remand for resentencing if it finds, by clear and convincing evidence, that either the sentence is not supported by the record, or the sentence is otherwise contrary to law. *Id.* at ¶ 25.

**{¶25}** Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 26, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "'Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.'" *In re Z.C.*, 2023-Ohio-4703, ¶ 8, quoting *State v. Schiebel*, 55 Ohio St.3d 71 (1990).

**{¶26}** When a court sentences a defendant to an indefinite prison term, R.C. 2929.19(B)(2)(c) directs that the trial judge must explain Ohio's indefinite-sentencing process to that defendant. That explanation must, according to R.C. 2929.19(B)(2)(c)(iii), address how and when the Ohio Department of Rehabilitation and Correction can extend the defendant's time in prison beyond the minimum term, and the trial judge must also explain, as R.C. 2929.19(B)(2)(c)(iv) indicates, that the defendant's time in prison can be extended more than one time.

**{¶27}** Though we have vacated Lawson's conviction on the engaging charge, his conviction on a second-degree-felony aggravated-trafficking charge stands, and he was sentenced to a mandatory four-year indefinite prison term on it. At the sentencing hearing, the trial judge advised Lawson how and when his indefinite term in prison could be extended, but the judge failed to explain that the indefinite sentence could be extended more than once.

**{¶28}** An indefinite sentence is contrary to law when the trial judge does not advise the defendant of the R.C. 2929.19(B)(2)(c) factors at the sentencing hearing. *State v. Wolfe*, 2020-Ohio-5501, ¶ 36–37 (5th Dist.). *See also State v. Hodgkin*, 2021-Ohio-1353,

¶ 24 (12th Dist.) ("a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute"); *State v. Massie*, 2021-Ohio-3376, ¶ 23 (2d Dist.) ("because the trial court in this case failed to notify [the defendant] of any of the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing, we . . . find that [the defendant's] sentence is contrary to law"); *State v. Miles*, 2020-Ohio-6921, ¶ 27 (11th Dist.) ("the trial court failed to provide the required notices under R.C. 2929.19(B)(2)(c)(i) and (v). Accordingly, the matter must be remanded for the limited purpose of conducting a resentencing hearing").

**{¶29}** Lawson failed to object to this alleged defect at his sentencing hearing. An error "that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court" is deemed forfeited absent plain error. *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.). *See also* Crim.R. 52(B) and *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 ("because Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error").

**{¶30}** To find plain error, "[f]irst, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *State v. Schmelmer*, 2022-Ohio-57, ¶ 109 (5th Dist.), quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

**{¶31}** "It is well settled that a sentence that is contrary to law is plain error[.]" *State v. Efford*, 2023-Ohio-3360, ¶ 18 (8th Dist.). *See also State v. Ayers*, 2014-Ohio-276, ¶ 15–16 (10th Dist.) (trial judge's "failure to precisely" make the findings at defendant's sentencing hearing that are required to impose consecutive sentences "is plain error because the sentence is contrary to law"). A trial judge's failure to inform a defendant of all five R.C. 2929.19(B)(2)(c) notices at the sentencing hearing is a plain error. *State v. Price*, 2024-Ohio-1641, ¶ 7–10 (4th Dist.). We conclude, therefore, that the trial judge's failure to provide to Lawson one of the five R.C. 2929.19(B)(2)(c) notices at the sentencing hearing was a plain error.

**{¶32}** We note, too, that the trial judge's inclusion of all five of the R.C. 2929.19(B)(2)(c) notices in the sentencing entry filed after Lawson's sentencing hearing does not satisfy the statutory language of R.C. 2929.19(B)(2)(c). A sentencing entry that lists all five notices but is filed after the sentencing hearing is insufficient to satisfy a judge's duties. *See Hodgkin*, 2021-Ohio-1353 at ¶ 24, fn. 3 ("[t]he trial court is required to advise an offender of the 2929.19(B)(2)(c) notifications *at the sentencing hearing*"). (Emphasis in original.) *See also Massie*, 2021-Ohio-3376 at ¶ 23 ("the trial court was required to notify the offender of all the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing in order to fulfill the requirements of the statute").

**{¶33}** The trial judge was required to provide to Lawson at the sentencing hearing the information in R.C. 2929.19(B)(2)(c)(iv) about the possibility that state prison officials could extend his indefinite sentence more than one time. That information was included in the trial judge's sentencing entry in the case, but no notice of that possibility was given to Lawson at the sentencing hearing itself. That shortcoming must be remedied now.

**{¶34}** For the reasons explained above, we vacate Lawson's conviction for engaging in a pattern of corrupt activity. We also reverse Lawson's indefinite sentence on count six of the indictment — the second-degree-felony aggravated-trafficking charge — and we remand the case for a resentencing hearing in accordance with R.C. 2929.19(B)(2)(c).

By: Gormley, J.

Montgomery, P.J. and

Popham, J. concur.